RECEIVED
IN LAKE CHARLES, LA
SEP 14 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN RE OMEGA PROTEIN, INC. | : | DOCKET NO. 04 CV 02071 |
| | : | JUDGE MINALDI |
| | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 29] filed by Omega Protein, Inc. ("Omega"). Claimant, Margaret Walters ("Walters"), filed an opposition [doc. 31]. Omega did not respond to the opposition.

## FACTS

On October 4, 2004, at approximately 4:30 a.m. the F/V Gulf Shore, a fishing vessel, owned and operated by Omega, allided with an offshore platform.[1] At the time of the allision, Walters was employed by Omega as a cook on the F/V Gulf Shore.[2] Walters claimed that she sustained numerous injuries as a result of the allision.[3]

On October 12, 2004, Walters entered into a Settlement Agreement, Receipt and Release of

---

[1] Omega's Memorandum in Support of Motion for Partial Summary Judgment, p. 2.

[2] *Id.*

[3] *Id. See also,* Claimant's Answer to Complaint and Claim [doc. 11], ¶ 7.

1

All Claims.[4] In exchange for the purported release of claims, Walters accepted a check from Omega in the amount $3,400.[5] Despite the release, Walters filed a claim for her injuries on April 11, 2005.[6]

In response to Walters' claim, Omega filed the instant motion and argues that the claim is in derogation of the settlement and release. Omega further asserts that the settlement was "at arms length, and that Walters fully understood her rights and the consequences of her action in signing the Release."[7] Walters, however, contends that she suffers from mild mental retardation and therefore lacks the mental capacity to enter into a binding settlement agreement.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with

---

[4] Memo in Support, p. 2. *See also,* Omega's Exhibit A.

[5] Memo in Support, p. 2. *See also,* Omega's Exhibit A.

[6] *See* Claimant's Answer to Complaint and Claim.

[7] Memo in Support, p. 2.

2

affidavits, that demonstrate the absence of a genuine issue of material fact.[8] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also, *Topalian*, 954 F.2d at 1131.

## ANALYSIS

On a motion for summary judgment, the shipowner bears a heavy burden where the validity of a seamen's release is at issue. See *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 63 S.Ct. 246. "Releases signed by seamen, the 'wards of admiralty,' are given the most careful scrutiny. The

---

[8] A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id*.; see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

burden is on the shipowner to show that the seaman signed the release with a full understanding of his rights and the effect of the action." *Halliburton v. Ocean Drilling & Exploration Co.*, 620 F.2d 444, 445 (citing *Garrett*, 317 U.S. 239, 63 S.Ct. 246; *Aguiluz-Nunez v. Carnival Cruise Lines, Inc.*, 584 F.2d 76 (5th Cir. 1978)). Accordingly, Omega must "conclusively demonstrate the absence of genuine issues of material fact" with respect to the execution of the release and settlement agreement. See *id.*

As the proof of Walters' free and knowing consent, Omega offers a transcript and video recording of the settlement conference.[9] Omega asserts that the transcript reveals that Walters' was advised of her right to an attorney and of her rights with respect to filing suit against Omega. They also assert that the transcript is proof of adequate consideration and the absence of fraud or coercion.

Walters, however, contends that because she suffers from mild mental retardation and "longstanding academic and cognitive deficits," she did not have the requisite mental capacity to enter into a settlement agreement.[10] Walters introduced the affidavit of a clinical psychologist, Dr. F.T. Friedberg, who testified that he conducted a battery of tests on Walters.[11] Dr. Friedberg further testified that Walters' mental condition "results in an impaired or diminished mental capacity to fully understand and appreciate actions requiring her to be fully alert and attentive to detail."[12] He concluded that Walters would not have been able to fully appreciate the "long-term effects of a

---

[9] *See* Omega's Exhibit C.

[10] Claimant's Opposition, p. 3. *See also* Claimant's Exhibit P-1 (Affidavit of Dr. Friedberg), ¶ 5.

[11] *See* Claimant's Exhibit P-1 at ¶ 3.

[12] *Id.* at ¶ 5.

release of any claim involving her."[13]

Walters also argues that her apparent acquiescence in the video of the settlement conference is consistent with the behavior of mentally retarded individuals.[14] Again, Walters offers the testimony of Dr. Friedberg, who analyzed the video. Dr. Friedberg states:

> That peer-reviewed literature...indicates that the disposition of mentally retarded individuals to engage in acquiescence is significantly more pronounced when person of low status are questioned by high-status interviewers (as for example, when the interviewer makes statements such as "I know more than you know" and "Again, I know a lot more than you do about claims")... .[15]

The court therefore concludes that Walters has raised a viable issue of material fact concerning her contractual capacity. Considering the burden upon Omega to demonstrate an absence of a genuine issue of material fact, their lack of a response to Walter's opposition, and this court's obligation to carefully scrutinize a seaman's release, the Motion for Partial Summary Judgment will be denied.

Lake Charles, Louisiana, this 13 day of September, 2006.

PATRICIA MINALDI
**UNITED STATES DISTRICT JUDGE**

---

[13] *Id..*

[14] Claimant's Opposition, p. 4.

[15] Claimant's Exhibit P-1 at ¶ 7.