RECEIVED
IN LAKE CHARLES, LA
JAN 23 2007
PAM
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN RE OMEGA PROTEIN, INC. | : | DOCKET NO. 04 CV 02071 |
| | : | JUDGE MINALDI |
| | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 39] filed by Samson Contour Energy E&P, LLC ("Samson"). The motion is opposed by Omega Protein, Inc. ("Omega"). Omega has also filed a Motion to Strike [doc. 44] the expert reports accompanying Samson's motion and reply brief. The court will take up both motions.

## FACTS

On October 4, 2004 the F/V Gulf Shore, a fishing vessel, owned and operated by Omega, allided with offshore platform 17B located in East Cameron Block 17.[1] Samson, the owner of the platform, alleges that the allision resulted in substantial damage to platform 17B, thereby affecting its structural integrity.[2] In response to the allision, Omega initiated this action for limitation of liability. Samson answered Omega's complaint, asserting a claim for damage to its platform.[3]

---

[1] Compl. ¶ 7.

[2] Samson's Mem. in Supp. 1-2.

[3] *See* Samson's Answer and Claim [doc. 8].

1

To assess the damage to the platform, Samson retained EDG Consulting Engineers, Inc. ("EDG").[4] EDG rendered a Platform Damage Assessment Report which included an analysis of repair and replacement options.[5] The report proposes two repair/replacement options.[6]

The first option involves installing a new jacket and piles adjacent to the existing structure and relocating the existing deck on this new jacket.[7] As the report notes, "This option will require considerable design, fabrication, and installation time before the platform is back in operation."[8] The projected cost of this option is $1.8 million.[9]

The second option involves repairing the existing damaged structure in place.[10] The report indicates that, while this is the fastest and least expensive option, the capacity of the structure would be reduced.[11] The projected cost of this option is $380,000.[12]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of

---

[4] Mem. in Supp. 2.

[5] *See* Samson's Ex. A.

[6] *Id.* at 5.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 7.

2

material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[13] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119

---

[13] A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also, *Topalian*, 954 F.2d at 1131.

## ANALYSIS

*Omega's Motion to Strike [doc. 44]*

Omega argues that the EDG report should be stricken from the record because it is unaccompanied by an affidavit as required by Rule 56(e). For the same reason, Omega argues that a second, follow-up report attached to Samson's reply brief [doc. 43] should also be stricken.

Samson, however, asserts that the "sole purpose of [its] Motion for Partial Summary Judgment is to seek a determination by the Court of the appropriate legal measure of damages applicable to this case."[14] As such, Samson argues that the damage scenarios contained in the reports "are not before the Court, and were only discussed in Samson's memoranda to illustrate a point, not establish a material fact."[15]

"In the most part, admissibility of evidence on a motion for summary judgment is subject to the general rules relating to form and admissibility at trial." *Munoz v. International Alliance of Theatrical Stage Emp. and Moving Picture Machine Operators of U. S. and Canada*, 563 F.2d 205, 207 n. 1 (5th Cir. 1977) (citations omitted). "The district court may inquire into the reliability and foundation of any expert's opinion to determine its admissibility." *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1123 (5th Cir. 1988) (citing *Soden v. Freightliner Corp.*, 714 F.2d

---

[14] Samson's Mem. in Opp. 1.

[15] *Id.*

4

498, 502 (5th Cir. 1983)). However, when the supporting or opposing materials are improperly formatted, "the district court has ample discretion to call upon the parties to remedy the defects, by submitting supplemental affidavits or otherwise." *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (citations omitted).

In the instant case, the court finds that unsworn EDG experts report are not competent summary judgment evidence because they are not properly accompanied by Rule 56(e) affidavits. The purpose of the 56(e) affidavit is to identify and authenticate the attached document.

The disposition of Samson's summary judgment motion does not, however, hinge on the EDG reports. Consequently, the court will disregard the reports, but consider the legal arguments given in support of Samson's motion. Requiring Samson to resubmit the report with accompanying affidavits is therefore unnecessary.

Accordingly, Omega's Motion to Strike will be granted.[16]

*Samson's Motion for Partial Summary Judgment [doc. 39]*

As noted above, by filing its motion for partial summary judgment, Samson seeks to have the court determine "the appropriate legal measure of damages applicable to this case." Samson asserts that, under maritime law, the general rule for recovery of damages caused by the negligence of others is *restituio in integrum*. In other words, the injured party is to be placed "as nearly as possibly in the condition he would have occupied if the wrong had not occurred." *Freeport Sulphur Co. v. S/S Hermosa*, 526 F.2d 300, 304 (5th Cir. 1976).

---

[16] The contents of the first EDG report were referred to in this ruling solely to provide the relevant factual context for Samson's summary judgment motion.

The court does not disagree with the proposition that the victim of tortious injury is to be made whole. However, the application of this maxim does not automatically lead to the conclusion that the victim's damaged property must be replaced rather than repaired, as Samson's brief seems to suggest. In this case, the measure of damages and the extent of recovery are disputed issues of material fact and summary judgment is therefore inappropriate.

Accordingly, Samson's Motion for Partial Summary Judgment will be denied.

Lake Charles, Louisiana, this 24 day of January, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE