RECEIVED
IN LAKE CHARLES, LA
FEB - 2 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

IN RE OMEGA PROTEIN, INC. : DOCKET NO. 04 CV 02071

: JUDGE MINALDI

: MAGISTRATE JUDGE WILSON

## MEMORANDUM ORDER

Before the court are three motions in limine. Two motions in limine [docs. 50 & 56] were filed by Samson Contour Energy E&P, LLC ("Samson"). These motions seek to exclude the testimony of Omega Protein, Inc.'s ("Omega") experts, S. Douglas Devoy and Captain John C. Manders. The third motion [doc. 62] was filed by Kerry Matthews, Roszell Bland, and Margaret Walters (collectively "the Claimants"). This motion seeks to exclude the testimony of Omega's expert, Michael E. Wilson.

## LAW AND ANALYSIS

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 was amended in 2000 in response to the Supreme Court's rulings in *Daubert v. Merrell*

1

*Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999). *See* FED. R. EVID. 702 adviory committee's note.

In *Daubert*, the Court set out several non-exclusive criteria for courts to consider in determining the reliability of expert testimony. The *Daubert* factors are: (1) whether the expert's theory has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 275 (5th Cir. 1998) (en banc) (citing *Daubert*, 509 U.S. at 593-95, 113 S.Ct. at 2796-97). The burden is on the proponent to prove by a preponderance of the evidence that the expert's testimony is reliable. *Moore*, 151 F.3d at 276.

*Kumho Tire* extended *Daubert* to apply the factors to "technical or specialized expert testimony as well as to scientific expert testimony." 526 U.S. at 147, 119 S.Ct. at 1174. "In addition, *Kumho Tire* recognized that experts may testify on the basis of their own 'personal knowledge or experience' and refused to hold that the *Daubert* factors must be addressed in every case, given the wide variety of experts and issues that may come before the district courts." *Stolt Achievement, Ltd. v. Dredge B.E. Lindholm*, 447 F.3d 360, 366 (5th Cir. 2006) (citing *Kumho Tire*, 526 U.S. at 149, 119 S.Ct. 1167).

In exercising its gatekeeping function, the court undertakes a two-part analysis: (1) whether the proffered testimony is reliable, which requires an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid (the *Daubert* factors); and (2) whether the testimony is relevant. *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (citing

2

*Daubert*, 509 U.S. at 592-93, 113 S.Ct. 2796).

***Samson's Motion in Limine to exclude the testimony of S. Douglas Devoy [doc. 50]***

Samson seeks to exclude the testimony of S. Douglas Devoy, Group Marine Director of Matthews-Daniel Company. At trial, Mr. Devoy plans to testify about his company's marine survey of the damage to the Samson oil platform. Samson asserts that the survey is comprised of nothing more than a list of observed damage to the platform and fails to "articulate any underlying methodology" for the opinions contained therein.

Omega contends that the survey reflects the findings of a visual inspection of the platform conducted by a qualified marine surveyor. Omega argues that such a visual inspection is the ordinary method employed by marine surveyors to assess property damage in a marine allision. Omega further argues that Mr. Devoy is highly qualified as a marine surveyor and engineer.

As noted above, the *Daubert* factors are not to be rigidly applied in every case given the wide variety of experts and issues that may come before the court. In this instance, the testimony regarding Matthews-Daniel's visual survey of the platform is sufficiently reliable. Considering that the damage to the Samson platform is an issue in this case and that Samson intends to offer its own survey, the testimony of Mr. Devoy is also relevant.

Accordingly, IT IS ORDERED that Samson's Motion in Limine is hereby DENIED.

***Samson's Motion in Limine to exclude/limit the testimony of Captain John C. Manders [doc. 56]***

Samson moves to exclude eight opinions proffered by Capt. Manders in his expert report concerning the condition of the light and foghorn systems on Samson's platform and to limit his trial

testimony accordingly. While Samson concedes Capt. Manders's expertise in marine vessel operations, it argues that he is unqualified to offer testimony regarding the condition of the lights and foghorn on the platform or Samson's responsibilities regarding the inspection and maintenance of its platform. The motion is unopposed.

As asserted by Samson, the opinions at issue are based variously upon (1) Capt. Manders's purported expertise and experience, (2) Subchapters C and N of Title 33 of the Code of Federal Regulations, and (3) the Claimants' deposition testimony. After a review of Capt. Manders's report and curriculum vitae, it is clear that he is well-qualified in the area of marine vessel operations. Capt. Manders does not, however, appear to have any relevant experience, education or training in the area of offshore platform operation or maintenance.

Furthermore, the regulations contained in Subchapter N pertain to Outer Continental Shelf (OCS) facilities. 33 C.F.R. § 140.1 ("This subchapter is intended to promote safety of life and property on Outer Continental Shelf (OCS) facilities, vessels, and other units engaged in OCS activities...."). Samson's platform is allegedly located within Louisiana State waters and is not an OCS facility. Subchapter N regulations are therefore inapplicable.

Finally, in his report, Capt. Manders states, "Taking into consideration the deposition testimonies of Captain Stewart, and crewmembers Matthews and Bland, it appears that the obstruction lights and sound signal aparatus were defective...and these defects contributed to the allision...." Manders's Report 6, at ¶40. Samson indicates that there is conflicting deposition testimony regarding the status of the platform's light and foghorn systems. As such, Samson argues, and the court agrees, that Manders is weighing the credibility of other witnesses and thereby usurping the role of the factfinder.

Accordingly, IT IS ORDERED that Samson's Motion in Limine is hereby GRANTED. Opinions 34-41 of Manders's Preliminary Report shall be stricken from the record. Additionally, Capt. Manders will be precluded from offering testimony regarding platform operation and maintenance at trial.

***Claimants' Motion in Limine to exclude the testimony Michael E .Wilson [doc. 62]***

The Claimants seek to exclude Omega expert Michael E. Wilson's testimony regarding the value of the F/V Gulf Shore on the ground that his proposed testimony does not comply with *Daubert* or *Kumho Tire*. Omega contends that Mr. Wilson is a fact witness who, as Vice President for Marine Operations for Omega, is competent to give testimony regarding the value of corporate property.

The note to the 2000 amendments to Federal Rule of Evidence 701 states:

> [M]ost courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. FED. R. EVID. 701 adviory committee's note (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993)).

Moreover, an officer of a corporation may testify to industry practices and pricing without qualifying as an expert when such testimony is based upon particularized knowledge due to his position within the corporation. *Texas A&M Research Foundation v. Magna Transp.*, Inc. 338 F.3d 394, 403 (5th Cir. 2003) (citing *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003)).

Considering his position and experience as a corporate officer, Mr. Wilson will be permitted to render an opinion regarding the value of corporate property.

Accordingly, IT IS ORDERED that the Claimants' Motion in Limine is hereby DENIED.

Lake Charles, Louisiana, this 2 day of ~~January~~ February, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE